UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

MARCUS HARPER,

        Plaintiff,

    - against -

COLLINS BUILDING SERVICES,

        Defendant.
----------------------------------X

MEMORANDUM AND ORDER

14-CV-5055 (ENV)(CLP)

VITALIANO, United States District Judge:

On January 12, 2015, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") finding that plaintiff's case be dismissed for failure to prosecute.

Plaintiff Marcus Harper filed this *pro se* action against his former employer, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as well as state law. By Order, November 11, 2014, plaintiff was directed to file an amended complaint, within 30 days from the entry of the Order on the docket. The Order, which was entered on the docket on November 14, 2014, further provided that, if plaintiff failed to amend his complaint in the time allowed, "the Court shall dismiss the complaint for failure to state a claim on which relief may be granted and

1

judgment shall enter." Plaintiff has failed to file an amended complaint. The time for doing so has long passed. The R&R then issued. No objections to it been filed.

In reviewing a Report and Recommendation, this court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's Report and Recommendation where no timely objection has been made, the district "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

Magistrate Judge Pollak's R&R is comprehensive and well-reasoned. Because this Court, after careful review, finds no clear error in the Report and Recommendation, the Court adopts it in its entirety as the opinion of the CourtAccordingly, for the reasons stated in the R&R, plaintiff's complaint is hereby dismissed. Since all of plaintiff's federal claims have been dismissed, Court declines to exercise jurisdiction over his state law claims, which are dismissed without prejudice to their refiling in a state court of appropriate

jurisdiction.[1] 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in favor of defendant and to close this case.

So Ordered.

/S/ USDJ VITALIANO

Dated: Brooklyn, New York
January 6, 2015

Eric N. Vitaliano
United States District Judge

---

1 By filing this action, Harper may be entitled to the benefit of New York's "Savings Clause." *See* N.Y. CPLR 205(a) ("If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, . . . or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.")